IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MALCOLM CORNELIUS CALDWELL                                              PLAINTIFF


v.                              Case No. 4:23-cv-04119


OFFICER STUDDARD; OFFICER JACKSON;
LT. MILLER; LT. GUNTHRIE; and
WARDEN WALKER                                                          DEFENDANTS


**ORDER**

Before the Court is Plaintiff's failure to prosecute this matter.  Plaintiff Malcolm Cornelius

Caldwell submitted this 42 U.S.C. § 1983 action *pro se* on December 20, 2023.  ECF No. 1.  Plaintiff

submitted an incomplete application to proceed *in forma pauperis* ("IFP") with his Complaint.  ECF

No. 2.

The Court provisionally filed Plaintiff's Complaint and incomplete IFP Application with a

filing Order dated December 20, 2023.  ECF No. 3.  In that Order, the Court directed Plaintiff to submit

a signed Certificate of Inmate Account to complete his IFP Application.  Further, the Court advised

Plaintiff as follows:

> Plaintiff is advised that he is required to immediately inform the Court of any change of
> address.  If Plaintiff is transferred to another jail or prison or released, he shall have 30 days
> from the date of transfer or release in which to notify the Court of his new address.

ECF No. 3.  This Order was not returned as undeliverable mail.  Plaintiff failed to respond.  On

February 2, 2024, the Court issued an Order to Show Cause directing Plaintiff to show cause as to why

he failed to comply with the Court's December 20, 2023 Order.  ECF No. 5.  This Order to Show Cause

was sent to Plaintiff's address of record but was returned as undeliverable mail on February 12, 2024.

ECF No. 6.  The Court allowed Plaintiff thirty (30) days to inform the Court of his new address,

however, he failed to do so.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case and to prosecute or defend the action diligently.

Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders. Specifically, Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2